UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 7:09-cr-46-GFVT |
| Plaintiff/Respondent, | ) | No. 7:13-cv-7307-GFVT-REW |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JAMES MARSILLETT, II, | ) | **&** |
| | ) | **ORDER** |
| Defendant/Movant. | ) | |

*** *** *** ***

This matter is before the Court upon Defendant James Marsillett, II's *pro se* petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [R. 611.] Consistent with local practice, this matter was referred to Magistrate Judge Robert E. Wier, who filed a Recommended Disposition recommending that Marsillett's motion be denied. [R. 640.]

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition, or else he waives his rights to appeal. In order to receive *de novo* review by this Court, any objection to the Recommended Disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

In this case, Marsillett filed timely objections to the Recommended Disposition.[1]  [R. 641.]  The Court acknowledges its duty to review Marsillett's filings under a more lenient standard than the one applied to attorneys, because Mr. Marsillett is proceeding *pro se*.  *See, e.g.*, *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985).  Under this more lenient construction, Marsillett's objections are sufficiently definite to trigger the Court's obligation to conduct a *de novo* review.  *See* U.S.C. § 636(b)(1)(c).  The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules.  For the reasons that follow, Marsillett's objections will be OVERRULED.

# I

In October 2009, Defendant James Marsillett, II, was charged with five counts related to the acquisition and distribution of Schedule II controlled substances—namely, oxycodone and methadone.  [*See* R. 1.]  On November 10, 2010, Mr. Marsillett entered a guilty plea to one count of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848.  [*See* R. 439.]  Marsillett's sentencing proceeding was held on June 14, 2012, during which the undersigned sentenced the Defendant to a 240-month prison term, to be followed by five years of supervised release.  [R. 534; R. 538.]

Subsequently, Marsillett appealed his sentence to the Sixth Circuit.  [R. 532.]  The appellate court upheld the sentence as "both procedurally and substantively reasonable."  [R. 588 at 2.]  Marsillett then filed a § 2255 petition for relief, which is ripe for the Court's review.

---

[1] While Marsillett's objections were not filed in the record until August 1, 2014, Marsillett certified that he placed the objections in the mail on July 22, 2014.  [*See* R. 641 at 2.]  Pursuant to the prison mailbox rule, Marsillett's objections are timely.  *See, e.g.*, *Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002).

## II

In his objections to the Recommended Disposition, Mr. Marsillett is concerned chiefly with two portions of Magistrate Judge Wier's analysis.  First, Marsillett objects to Judge Wier's recommendation regarding the Government's alleged breach of the plea agreement.  [R. 641 at 1.]  Next, Marsillett objects to Judge Wier's evaluation of his ineffective assistance of counsel claims.  [Id. at 1-2.]  The Court addresses the two sets of objections respectively.

## A

First, Marsillett contends the Government breached the plea agreement by introducing information at sentencing that "serve[s] no purpose but to influence the court to impose a more harsh[ ] sentence."  [R. 641 at 1.]  By way of example, Marsillett specifically refers to a portion of the transcript wherein the prosecutor spoke, candidly and negatively, about Marsillett's criminal history.  [*See* R. 560 at 16-17.]  But while Mr. Marsillett may be understandably upset by the Government's less-than-flattering description of his past criminal conduct, the prosecutor's statements do not provide a basis for habeas relief.  As Judge Wier aptly noted, "lack of enthusiasm is not a plea agreement breach."  [R. 640 at 10 (citing *United States v. Baker*, 674 F.3d 1066, 1068 (8th Cir. 2012) ("The fact that the recommendation was made in other than the most enthusiastic terms does not breach the agreement.").]

The Government clearly satisfied the two explicit requirements of the plea agreement entered into between Marsillett and the United States.  [*See* R. 640 at 8.]  The United States filed a motion for downward departure [R. 530], and that motion explicitly recommended a sentence of 145 months.  [*See id.* at 2.]  Moreover, the United States reiterated its recommended sentence of 145 months during the sentencing proceeding.  [R. 560 at 15-16.]  The Government answered the Court's questions about Marsillett's criminal history candidly but never advocated for a

sentence above 145 months or reneged on the terms of the plea agreement. While the Court ultimately chose to reject the recommended sentence of 145 months and to impose a lengthier term of incarceration [*see* R. 538], that choice was a matter within the Court's discretion and a risk of which Mr. Marsillett knew at the time he chose to plead guilty. *See* 18 U.S.C. § 3553(a); U.S.S.G. § 5K1.1(a); [R. 512 at 12].

Moreover, the case upon which Mr. Marsillett relies in his objections, *Santobello v. New York*, 404 U.S. 257 (1971), is distinct from the situation at hand. In *Santobello*, the prosecutor agreed to recommend no sentence at all, but ultimately reneged and proposed a certain recommended sentence. 404 U.S. at 262. In the present case, the prosecutor agreed to recommend a sentence of 145 months and followed through with that recommendation despite his personal reluctance. The record clearly indicates that the Government complied with the bargained-for conditions of the plea agreement, and, thus, Marsillett's objection regarding this issue is properly overruled.

## B

Marsillett next objects to Judge Wier's analysis of his various ineffective assistance of counsel claims. While Marsillett presents several arguments regarding ineffective assistance of counsel in his § 2255 petition, his objections concern two main points: counsel's failure to conduct "any investigation" prior to the rearraignment proceeding, and counsel's failure to properly investigate Marsillett's cooperation at the state level. [*See* R. 641.]

Regarding counsel's alleged failure to investigate prior to advising Mr. Marsillett to plead guilty, the Court agrees with the Magistrate's conclusions. When a defendant alleges ineffective assistance of counsel in a § 2255 proceeding, the key inquiry before the Court is whether counsel's investigation and preparation were reasonable. *See, e.g.*, *English v. Romanowski*, 602

F.3d 714, 726 (6th Cir. 2010).   The Sixth Circuit has found counsel ineffective where counsel failed to investigate a known witness who admitted to police that the defendant played no role in the crimes, *Towns v. Smith*, 395 F.3d 251 (6th Cir. 2005); where counsel failed to investigate the defense's own expert witness, *Combs v. Coyle*, 205 F.3d 269 (6th Cir. 2000); and where counsel failed to investigate a known and potentially important alibi witness, without making a reasoned judgment that investigation of the witness was unnecessary, *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987).

Marsillett's allegations of ineffective assistance of counsel pale in comparison to the egregiousness of counsel described in the above cases.   The information offered by Marsillett to suggest his attorney was deficient in investigation does not ultimately prove what Marsillett hopes it does.   As Judge Wier noted, the Court need not "conduct a new trial or reconsider the full course of prior litigation" to evaluate Marsillett's § 2255 petition.   [*See* R. 640 at 18.] Instead, the Court considers the record, evaluating whether or not there is evidence of adequate preparation and whether "reasonable professional judgments support the limitations on [counsel's] investigation."  *English*, 602 F.3d at 726 (quoting *Strickland v. Washington*, 104 S. Ct. 2052, 2066 (1984)).

The record in this case, particularly the court proceeding transcripts, indicates that Marsillett's attorney was reasonably prepared and had reasonably investigated the case prior to the court proceedings, including Mr. Marsillett's rearraignment proceeding.   Further, Marsillett admitted to the scheme both in a pre-arrest statement made to the Federal Bureau of Investigation and during the rearraignment proceeding, under oath before Judge Atkins.   [*See* R. 560 at 6-7 (describing Marsillett's statement to the FBI); R. 512 at 25.]   Marsillett has ultimately failed to convince the Court of counsel's deficient performance and any prejudice resulting from

that deficiency.  *See Strickland*, 104 S. Ct. at 2064.  Accordingly, this objection is not grounds for relief.

Regarding Marsillett's argument about counsel's failure to properly investigate the state cooperation, Judge Wier properly analyzed the record and found no ineffective assistance. Marsillett is correct that his attorney did not provide third-party corroboration and did not have paperwork to back up his assertion regarding Marsillett's cooperation at the state level. However, counsel detailed this cooperation during a bench conference before the Court.  [R. 560 at 13-14.]  The Government did not object to defense counsel's explanation, and the Court discussed a willingness to consider the state cooperation according to the § 3553(a) factors.  [*Id.* at 14.]

While Marsillett expresses displeasure about his attorney's investigation of the state cooperation, he does not indicate how the alleged lack of investigation or preparation negatively impacted his sentence.  Marsillett maintains the Court "simply [could not] reduce a sentence for cooperation if that cooperation is not confirmed."  [R. 641.]  However, nothing in the record indicates the Court ignored Marsillett's state cooperation because of defense counsel's lack of outside corroboration or paperwork.  To the contrary, the Court discusses considering the state cooperation as a relevant characteristic of the Defendant.

In short, Marsillett seemingly implies that his lawyer's lack of further investigation about the state cooperation contributed to the Court's decision to reject the 145-month recommended sentence and instead impose a 240-month period of incarceration.  This is simply not supported by the record.  Accordingly, this objection regarding his alleged ineffective assistance of counsel claims should also be overruled.

**III**

In conclusion, after reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court agrees with Judge Wier's analysis of Marsillett's claims. The Court also denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) as to each issue asserted. Under Rule 11 of the Federal Rules Governing § 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . ." Rules Governing Section 2255 Proceedings, Rule 11. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As set forth by the United States Supreme Court, this standard requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the Court believes that this Order, which adopts and incorporates by reference the Magistrate Judge's Recommended Disposition, is not debatable enough to issue a certificate of appealability.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1.  Petitioner James Marsillett, II's Objections to the Magistrate's Recommended Disposition [R. 641] are **OVERRULED**;

2.  The Magistrate Judge's Recommended Disposition [R. 640] is **ADOPTED** as and for the opinion of this Court;

3.  The Petitioner's § 2255 Petition [R. 611] is **DISMISSED WITH PREJUDICE**;

4.  The Petitioner's Motion to Appoint Counsel [R. 625] is **DENIED** for the reasons

stated in the Magistrate's Recommended Disposition [*see* R. 640 at 21-23];

      5.   A Certificate of Appealability is **DENIED** as to all issues raised by the Petitioner; and

      6.   **JUDGMENT** in favor of the Respondent will be entered contemporaneously

herewith.

      This the 4th day of August, 2016.

Gregory F. Van Tatenhove
United States District Judge

8